

Opinions of the United
States Court of Appeals
for the Third Circuit

3-27-2006

# Uniontown Hosp v. Local Union No 491

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1403

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Uniontown Hosp v. Local Union No 491" (2006). *2006 Decisions.* Paper 1384.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1384

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 05-1403

THE UNIONTOWN HOSPITAL,
Appellant

v.

CHAUFFEURS, TEAMSTERS AND HELPERS,
LOCAL UNION NO. 491

Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 04-cv-00836)
District Judge: Honorable Donetta W. Ambrose

Submitted Under Third Circuit LAR 34.1(a)
March 6, 2006

Before: RENDELL and AMBRO, Circuit Judges,
and SHAPIRO, District Judge*

(Filed:  March 27, 2006)

OPINION OF THE COURT

_____

* Honorable Norma L Shapiro, Senior District Court Judge for the Eastern District of
Pennsylvania, sitting by designation.
RENDELL, *Circuit Judge*.

This case arises out of the parties' conflicting interpretations of a clause in the "Side Letter Regarding Wages" attached to their collective bargaining agreement. The clause provides for wage increases to be paid to eligible employees in semi-annual lump sums. Defendant Chauffeurs, Teamsters and Helpers Local Union 491 ("Local 491") believes that the clause requires the payments to be calculated cumulatively; plaintiff Uniontown Hospital (the "Hospital") disagrees. Unable to resolve the grievance between themselves, the parties proceeded to arbitration under the terms of the collective bargaining agreement. When the arbitrator returned an award in Local 491's favor, the Hospital filed an action to vacate it in the District Court for the Western District of Pennsylvania. Local 491 counter-claimed to enforce the award, and both parties moved for summary judgment. The District Court denied the Hospital's motion, and granted summary judgment in favor of Local 491. The Hospital now appeals. For the following reasons, we agree with the District Court's thorough and well-reasoned decision, and will affirm.

We exercise plenary review over a decision resolving cross motions for summary judgment, but apply the same standard as the District Court in reviewing the arbitration award. *Teamsters Local 312 v. Matlack, Inc.*, 118 F.3d 985, 994 (3d Cir. 1997). As the District Court correctly pointed out, our authority to vacate arbitral awards is extremely limited: "As long as the arbitrator has *arguably* construed or applied the contract, the award must be enforced, regardless of the fact that a court is convinced that [the]

2

arbitrator has committed a serious error." *News Am. Publ'ns, Inc. v. Newark Typographical Union, Local 103*, 918 F.2d 21, 24 (3d Cir. 1990). A reviewing court "may not review the merits of the arbitral decision." *Id.*

The Hospital has not identified, either in the District Court or on appeal, any basis upon which we could vacate the arbitrator's award. The award was supported by record evidence. The arbitrator chose to interpret the disputed provision consistently with other provisions in the side letter, which clearly provided for cumulative annual increases for other employees (*i.e.*, those who were not eligible for the lump sum payments), and the Union's stated intention to obtain increases for all employees in the same manner. The Hospital's argument to the contrary amounts to no more than an assertion that the arbitrator should have weighed the evidence differently. As noted above, however, we have no authority to disturb the award on that basis.

Nor may we vacate the award based on the Hospital's second argument, that the arbitrator improperly ignored the canon of contract construction that holds that ambiguities in a contract should be construed against the drafter. "A court does not review the award to ascertain whether the arbitrator has applied the correct principles of law." *Id.* We may vacate an award that is "totally unsupported by principles of contract construction," *id.* (citation omitted), but that is not the case here. The arbitrator followed a generally accepted contract construction technique. He looked first to the plain language of the agreement. When he determined that to be ambiguous, he referred to extrinsic evidence of the parties' intent.

3

In the words of the District Court, the opinion and award in this case were "rationally derived from the agreement and its context; the arbitrator did not rely solely upon his own brand of industrial justice."  We will accordingly affirm.